UNITED STATES of America, Appellee,

v.

Benjamin RAMOS, also known as El Calvo, also known as Flaco, Rene Mayor Garcia, also known as Cuba, Franklin M. Gil, also known as Pelon, also known as Pato, Franklin B. Gil–Reyes, also known as Gago, also known as Abel, Alejandro Garcia, also known as Leandro, also known as Alex, Allah Zaki, Jose Tejada, also known as Ito, also known as Ramon, Joes Luis Curzado-wilson, also known as Mr. Vargas, also known as Esmeraldo, also known as Vieja, also known as Esmeraldo Vargas, also known as Manuel Vargas, also known as Jose Vargas, also known as Franklin Rivero Santana, also known as Nick, Hector Reyes, also known as Coco, also known as Hernan, Maggie Defreitas, Carmen Magnli Vasquez–Alvarez, also known as Magalys, Carlos Hernandez,

Manuel Morales, Pablo Campo, Bernardo Izquierdo, also known as Johnny, Angel Gerena, Jenny Velasco, Defendants,

Sandy Hernandez, also known as Pata Guinea, also known as Huevo Quemao, Defendant–Appellant.

No. 06–2414–cr.

United States Court of Appeals, Second Circuit.

May 27, 2008.

Joel S. Cohen, New York, NY, for Appellant.

Douglas A. Leff (David C. James, on the brief), Assistant United States Attorneys, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present: ROGER J. MINER, JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Sandy Hernandez ("appellant") appeals from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.* ), entered on May 18, 2006, convicting him, after a jury trial, of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii), and sentencing him primarily to sixty-three months' imprisonment. He appeals only the conviction. We assume the parties'

familiarity with the facts, proceedings below, and specification of issues on appeal.

The appellant first challenges the sufficiency of the evidence presented at trial. The appellant concedes that, based on the evidence presented at trial, "there was certainly no dispute that the government had broken up a substantial narcotics smuggling conspiracy." The only issue on appeal is whether the evidence was sufficient to sustain the jury's finding that the appellant was involved in that conspiracy. "An appellant who challenges the sufficiency of the evidence bears a heavy burden." *United States v. Diaz*, 176 F.3d 52, 89 (2d Cir.1999). The test is whether, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We must draw all inferences in favor of the government and resolve all issues of witness credibility in the government's favor. *See United States v. Khan*, 787 F.2d 28, 34 (2d Cir.1986) ("[T]he reviewing court must draw all favorable inferences and resolve all issues of credibility in favor of the prosecution."). A defendant may be convicted on the testimony of a single witness, including an accomplice witness. *United States v. Parker*, 903 F.2d 91, 97 (2d Cir. 1990). Applying these standards, the appellant's arguments must fail.

An accomplice witness, Jose Tejada, testified as follows. The appellant was a driver for the organization who made trips to Florida to pick up large shipments of cocaine to deliver to New York. During these trips, the appellant drove a vehicle that had been modified with a hidden trap device that concealed forty to fifty kilograms of cocaine. Tejada observed the appellant pick up cocaine for distribution to others. Another time, Tejada personally delivered three ounces of cocaine to the defendant. Altogether, Tejada either personally gave or saw the appellant receive a total of approximately three kilograms of cocaine. On July 23, 2003, pursuant to information gleaned from a wiretap, the New York State Police stopped two vehicles and seized $1.6 million. The vehicle with the money in it was registered to the appellant. In addition, the police had electronically intercepted telephone conversations in which the appellant used language that Tejada testified meant, in his parlance, that he was arranging a large drug deal. Finally, according to an expert witness, records seized from the organization included a notation that "Guinea" had ordered eight kilograms of cocaine. The defendant's nickname was "Pata de Guinea," and Tejada testified that as far as he knew, the appellant was the only person in the organization who had the nickname Guinea.

There is no doubt that Tejada's testimony was both crucial to the prosecution's case and sufficient to convict the appellant. Because "the reviewing court must . . . resolve all issues of credibility in favor of the prosecution," *Khan*, 787 F.2d at 34, the appellant's argument must fail. The appellant seeks to rely on a Tenth Circuit case, which holds that a reviewing court can disregard testimony that is "inherently incredible or impossible on its face," *United States v. Pike*, 36 F.3d 1011, 1013 (10th Cir.1994), and a Fifth Circuit case, which holds that a reviewing court should disregard testimony related to "facts that the witness could not possibly have observed or to events which could not have occurred under the laws of nature," *United States v. Pena–Rodriguez*, 110 F.3d 1120, 1123 (5th Cir.1997) (internal quotation marks omitted). But Tejada's testimony asserted no facts that were either impossible or in violation of the laws of nature. "No more need be said than that [the witness] so

testified, and that we are required to resolve any issue regarding his credibility in the government's favor." *United States v. Jespersen,* 65 F.3d 993, 998 (2d Cir.1995). The challenge to the sufficiency of the evidence must, accordingly, be rejected.

Appellant next contends that the prosecutor made several improper remarks during summation. Specifically, he argues that the prosecutor (i) asked the jury to disregard Tejada's cooperation agreement in assessing his credibility, (ii) vouched for the credibility of witnesses, and (iii) made an argument that was unsupported by the record. Because the defendant objected to none of these remarks, they are evaluated under the plain error analysis. "An improper remark by a prosecutor will justify a reversal by this Court only if it causes the defendant substantial prejudice by so infecting the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Carr,* 424 F.3d 213, 227 (2d Cir.2005) (internal quotations omitted). Because the appellant did not object at trial to the prosecutor's remarks that he now challenges, "we must reject his claim unless it, inter alia, seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotations omitted). "The statements must amount to flagrant abuse, causing substantial prejudice." *Id.* (internal quotation marks and citations omitted).

Judged by this standard, the appellant's arguments are unpersuasive. First, the appellant contends that the prosecutor improperly argued that the cooperation agreement had "nothing to do with this trial." That statement was not flagrant abuse. Further, Judge Gleeson carefully instructed the jury that they should evaluate the credibility of the witnesses in light of their cooperation agreements and their complicity in the crimes. This cured whatever harm the prosecutor's statement

might have caused, rendering whatever error there was non-prejudicial. *See United States v. Melendez,* 57 F.3d 238, 241–42 (2d Cir.1995) (noting that the "measures taken to cure the error" should be considered in evaluating the prejudice caused by an improper remark).

Second, the appellant contends that the government improperly vouched for its witnesses when the government expressed its hope that the jury would "realize based on everything that [the jury] heard from these cooperators that they have-they're doing nothing but telling the truth." "The prosecutor's statements did not amount to expressing his … personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant." *Carr,* 424 F.3d at 228 (internal quotation marks omitted). As such, "the statements 'did not amount to the government's improper vouching … but simply constituted permissible argument … that [the cooperating] witnesses, whose veracity and credibility had been fiercely attacked by defense counsel, had no motive to testify falsely.'" *Id.* (quoting *United States v. Ricco,* 549 F.2d 264, 274 (2d Cir.1977)) (alteration in original).

Finally, the appellant objects to the prosecutor's argument in summation that the nickname Guinea is "not that common a name." The only relevant issue was whether 'Guinea' might have referred to anyone else in the Ramos organization. The prosecutor's statement was a reasonable inference from Tejada's testimony that, to his knowledge, no one else in the organization had that nickname.

Accordingly, any improper statement the prosecutor may have made in summation was not so grave as to make this one of those "rare case[s] in which improper comments in a prosecutor's summation are so prejudicial that a new trial is required." *United States v. Rodriguez,* 968 F.2d 130,

142 (2d Cir.1992) (internal quotation marks omitted).

For the foregoing reasons, we AFFIRM the decision of the district court.